

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*Ronald V. Dellums Federal Building*
*1301 Clay Street, Suite 340S*           (510) 637-3680
*Oakland, California 94612-5217*         FAX:(510) 637-3724

April 15, 2008

VIA FACSIMILE

The Honorable James Larson
United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: <u>United States v. Luke D. Brugnara and Brugnara Corporation</u>, CR08-0236 MMC

Dear Honorable Judge Larson:

    Enclosed please find an indictment in the above matter. We request that this matter be placed on your calendar for arraignment on April 17, 2008 at 9:30 a.m. The defendant is not in custody and does not require the assistance of an interpreter.

                                      Very truly yours,

                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney

                           By: _____
                               MAUREEN C. BESSETTE
                               Assistant U.S. Attorney

Enclosure
cc. Harris Tabeck, Esq.
    Stuart Gasner, Esq.

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

SEE ATTACHMENT

☐ Petty
☐ Minor
☒ Misdemeanor
☒ Felony

PENALTY:  SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ORIGINAL FILED
APR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**DEFENDANT - U.S**
▶ LUKE D. BRUGNARA

DISTRICT COURT NUMBER
CR 08-0236 MEE  mmc

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
U.S. NATIONAL MARINE FISHERIES SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY    ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    MAUREEN C. BESSETTE, AUSA

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction        } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    } If "Yes" give date filed _____
been filed?    ☐ No

DATE OF ARREST ▶    Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year _____
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

PENALTY SHEET

**ESA, 16 U.S.C. § 1538(a)(1)(G) and 1540(b)(1)**
Luke Brugnara
- 6 months imprisonment
- $25,000 fine or twice the gross gain or twice the gross loss
- 1 years supervised release
- $10 special assessment
- 5 years probation

Brugnara Corporation
- $25,000 fine or twice the gross gain or twice the gross loss
- 5 years probation
- $50 special assessment

**False Statement, 18 U.S.C. § 1001**
Luke Brugnara
- 5 years imprisonment
- $250,000 fine
- 3 years supervised release
- $100 special assessment

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----
SEE ATTACHMENT

☐ Petty
☐ Minor
☒ Misdemeanor
☐ Felony

PENALTY:  SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ORIGINAL FILED
APR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---- DEFENDANT - U.S ----
▶ BRUGNARA CORPORATION

DISTRICT COURT NUMBER
CR 08-0236 MCC MMC

---- PROCEEDING ----
Name of Complaintant Agency, or Person (& Title, if any)
U.S. NATIONAL MARINE FISHERIES SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    JOSEPH P. RUSSONIELLO
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    MAUREEN C. BESSETTE, AUSA

---- DEFENDANT ----
IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☒ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----
PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                    Before Judge:

Comments:

PENALTY SHEET

**ESA, 16 U.S.C. § 1538(a)(1)(G) and 1540(b)(1)**
Luke Brugnara
- 6 months imprisonment
- $25,000 fine or twice the gross gain or twice the gross loss
- 1 years supervised release
- $10 special assessment
- 5 years probation

Brugnara Corporation
- $25,000 fine or twice the gross gain or twice the gross loss
- 5 years probation
- $50 special assessment

**False Statement, 18 U.S.C. § 1001**
Luke Brugnara
- 5 years imprisonment
- $250,000 fine
- 3 years supervised release
- $100 special assessment

E-filing

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
2008 APR -9 PM 4: 41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

**CR08-0236 MMC**

LUKE D. BRUGNARA and BRUGNARA CORPORATION,

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1001 -- False Statements (2 Counts); 16 U.S.C. §§ 1538
(a)(1)(G) and 1540(b)(1) -- Endangered Species Act (4 Counts)
(Class B Misdemeanor)

A true bill.
_____ Foreman

Filed in open court this __9__ day of
APRIL  2008

_____ Clerk

Bail, $ No process.

Wayne D. Brazil  4-9-08

E-filing

JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

FILED

2008 APR -9 PM 4:41

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LUKE D. BRUGNARA and BRUGNARA CORPORATION, <br><br> Defendants. | No. CR **CR08-0236** MMC <br><br> VIOLATIONS: 18 U.S.C. § 1001 -- False Statements (2 Counts); 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1) -- Endangered Species Act (4 Counts) (Class B Misdemeanor) <br><br> SAN FRANCISCO VENUE |

### INDICTMENT

The Grand Jury Charges:

### A. Defendants

At all times material to this Indictment, and incorporated by reference in all counts:

1. Defendant LUKE D. BRUGNARA ("BRUGNARA") is the owner of a property located at 4850 Redwood Retreat Road in Gilroy, California ("the Gilroy Property"). In September 2001, BRUGNARA purchased the Gilroy Property through his corporation BRUGNARA CORPORATION, a California corporation. A dam sits on this property ("Brugnara Dam") on Little Arthur Creek, a tributary of the Pajaro River watershed. Little Arthur Creek is important spawning and rearing habitat for steelhead.

2. BRUGNARA and BRUGNARA CORPORATION are responsible for maintaining

INDICTMENT

1  Brugnara Dam and its fish ladder in operable condition so that steelhead are able to migrate
2  through Little Arthur Creek.

**B. The Endangered Species Act**

3. Congress enacted the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, *et seq.*, to protect and preserve threatened and endangered fish, wildlife and the ecosystems and habitats upon which they depend. 16 U.S.C. § 1531(b). Individuals and corporations are prohibited from violating any regulation pertaining to any threatened species of fish. *See* 16 U.S.C. §§ 1532(13); 1538(a)(1)(G).

**C. Definitions**

4. **Endangered Species** are defined as a species in danger of extinction throughout all or a significant portion of their range. 16 U.S.C. § 1532(6).

5. **Fish or wildlife** is defined as any member of the animal kingdom, including without limitation any fish and includes any part, product, egg, or offspring thereof, or the dead body or parts thereof. 16 U.S.C. § 1532(8).

6. **Take.** Under the ESA, it is unlawful for any person to "take" a threatened or endangered species. 16 U.S.C. § 1538(a)(1)(B) and (G); 50 C.F.R. § 223.203. "Take" means to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct. 16 U.S.C. § 1532(19); 50 C.F.R. § 222.102.

7. **Harm** in the definition of "take" in the ESA means an act which actually kills or injures fish or wildlife. Such an act may include significant habitat modification or degradation which actually kills or injures fish or wildlife by significantly impairing essential behavioral patterns including, breeding, spawning, rearing, migrating, feeding or sheltering. 50 C.F.R. § 222.102.

8. **Threatened Species** are defined as those which are likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range. 16 U.S.C. § 1532(20).

9. **Steelhead** (*Oncorhynchus mykiss*) are a species of anadromous fish found in the Pacific Ocean along the west coast of the United States and Alaska. Steelhead also live in rivers,

INDICTMENT                          2

1  creeks, and streams in California, Idaho, Oregon and Washington. Steelhead have a complex life
2  requiring successful completion and transition through various lifestages in marine and
3  freshwater environments. Steelhead possess a unique characteristic called "anadromy" which
4  means that as part of their natural life cycle, they are born in streams, creeks and rivers and then
5  migrate to the Pacific Ocean where they live up to three years before migrating hundreds or
6  thousands of miles back to the same river, creek and stream in which they were born to spawn.
7  Male and female adult steelhead begin their upstream migration from the ocean into freshwater
8  (in the Pajaro River watershed) around late December to early January, usually after major storm
9  events. Females create nests in stream gravels called "redds" where they lay eggs that males then
10 fertilize. Eggs incubate and young hatch and emerge in approximately three weeks. The young,
11 or alevins as they are called, remain in small spaces between the gravels before venturing into the
12 stream water column. Juvenile steelhead grow instream between one and three years before
13 moving downstream to the ocean where they mature into adults. After two to three years, each
14 surviving adult returns to its particular birthplace freshwater stream to spawn.

15      10. On August 18, 1997, steelhead living in the Pajaro River watershed portion of the
16 South-Central California Coast Evolutionary Significant Unit (S-CCC ESU), including the Little
17 Arthur Creek on the Gilroy Property, were listed as a threatened species. On January 5, 2006, the
18 steelhead in the S-CCC were relisted as a threatened Distinct Population Segment (S-CCC DPS)
19 and they remain so listed through the present. The population of the S-CCC steelhead DPS is
20 critically low and threatened with extinction. One of the reasons for their decline is that its
21 access to historic spawning and rearing areas upstream of dams is blocked. Only a few historical
22 habitats remain for steelhead spawning and rearing in the Pajaro River watershed, one of which
23 is Little Arthur Creek. Each adult steelhead has become more important to the species survival
24 because of this decline and is also significantly more susceptible to small or catastrophic events.
25 Low population sizes compromise steelhead genetic integrity which poses serious risks to their
26 continued survival and recovery.

27      11. Little Arthur Creek is an important watershed for the S-CCC steelhead DPS and was
28 designated a critical habitat for the steelhead on September 2, 2005. 50 C.F.R. §

INDICTMENT                              3

1  226.211(i)(1)(ii) (Santa Cruz Mountains Hydrologic Sub-area 330520 – Little Arthur Creek
2  37.0299-121.6874). Little Arthur Creek maintains some of the best juvenile rearing habitat in its
3  upper watershed areas and some of the better conditions in the Pajaro River watershed necessary
4  for all freshwater life history stages (spawning, egg incubation, summer and winter rearing, and
5  smolt outmigration). Allowing steelhead migration past Brugnara Dam is essential to
6  maintaining steelhead in this tributary. Summer streamflow conditions in the lower portions of
7  Little Arthur Creek are less hospitable for juvenile rearing, making it likely that only juveniles in
8  the upper portions will survive.

### D. The Gilroy Property

12. The Gilroy Property consists of approximately 112 acres of land, a cabin, four additional structures and a dam. Little Arthur Creek runs through the southern portion of this property. The Brugnara Dam is situated on the mainstem of Little Arthur Creek in a small rocky canyon, approximately 1.5 miles west of Watsonville Road. Brugnara Dam measures approximately 77 feet at its widest point and stands approximately 18 ½ feet tall. The dam measures approximately 29 feet across at the base and is perched approximately 9 feet above Little Arthur Creek on the downstream side of the dam. A 40 foot fish ladder leads up to the dam and an opening or portal at the base of the dam allows steelhead to migrate upstream to spawning habitat as well as back downstream Little Arthur Creek to the Pacific Ocean. To ensure that the dam does not impair steelhead migration, three criteria must be met during the adult/smolt migration period (December 1 through June 1):

(1) the fish ladder must be kept free of debris;

(2) a flashboard barrier must be placed in the excavated channel leading to the portal; and

(3) the portal must be kept open.

Not meeting criteria 3 will completely stop all upstream passage opportunities for adults under all flow conditions. Ensuring steelhead migration above the Brugnara Dam is essential to maintaining steelhead in this tributary because summer streamflow conditions in the lower portions of the Little Arthur Creek are low, making it less habitable for the steelhead.\

///

INDICTMENT                                    4

### E. Take of Steelhead

13. **January 2007.** On January 14, 2007, California Department of Fish & Game ("CDFG") Officer Kyle Kroll visited the Brugnara Dam. On January 25, 2007, CDFG Officer Kroll contacted BRUGNARA about the condition of the Brugnara Dam. Officer Kroll told BRUGNARA that the dam's portal was closed and the fish ladder was inoperable making it impossible for adult steelhead to migrate upstream in Little Arthur Creek. BRUGNARA admitted that he had closed off the upstream passage of steelhead on Little Arthur Creek on approximately January 11, 2007, by blocking the portal with wooden boards and plastic sheeting. Officer Kroll informed BRUGNARA that the law requires the property owner to maintain the fish ladder and to allow for fish passage. Kroll told BRUGNARA that the current condition of the dam was in violation of the law.

14. **February 2007.** On February 2, 2007, Special Agent ("SA") Roy Torres, National Oceanic and Atmospheric Administration, Office of Law Enforcement ("NOAA-OLE") visited the site. He observed that (1) the portal was blocked with wooden boards and plastic sheeting; (2) the fish ladder was littered with debris; and (3) there was no flashboard barrier in the concrete channel of the dam.

15. **March 2007.** On March 21, 2007, BRUGNARA told Officer Kroll that he had opened the fish ladder portal and allowed the fish to travel upstream. Later on this same date, Officer Kroll went to Brugnara Dam and observed that the portal was still closed; the fish ladder was still inoperable; and there was no flashboard barrier in the concrete channel of the dam. Officer Kroll saw steelhead trapped in a pool of water immediately downstream of the dam, between the dam and a small newly constructed pushup dam downstream of the pool. The small pushup dam was made of rocks, boulders, and woody debris. Officer Kroll also observed an adult steelhead just below the small pushup dam that attempted to travel upstream past it, but was unable to swim over the small pushup dam.

16. On March 22, 2007, Officer Kroll again visited Brugnara Dam and noted the same conditions as on March 21, 2007 and observed that steelhead were trapped in the pool and that the smaller pushup dam was still in place.

INDICTMENT                             5

17. On this same day, NOAA, Protected Resources Division ("NOAA-PRD") Fisheries Biologist Jonathan Ambrose, determined that the trapped adult steelhead were of paramount importance to the survival of the species due to the low number of steelhead found in the Pajaro River watershed and recommended that NOAA Office of Law Enforcement ("OLE") rescue the trapped steelhead under the ESA's emergency authorization provision.

18. On Saturday, March 24, 2007, NOAA OLE attempted to rescue these steelhead and move them to an area approximately one-half mile upstream of Brugnara Dam so they could continue their upstream migration and spawn in the upper reaches of Little Arthur Creek. SA Torres, Officer Kroll, and four volunteers with Coastal Habitat Education and Environmental Restoration ("CHEER") met at the Gilroy Property. All of the steelhead previously located in the pool below the dam by Officer Kroll were gone. Evidence found at the site, included a pair of boots, footprints both near and in the creek, a fishing line with hooks attached, and two McDonald's restaurant receipts dated March 14, 2007 and March 23, 2007. This evidence indicated recent poaching activities. SA Torres identified the location of steelhead redds (egg nests) in the pool below the dam indicating that steelhead had opportunistically spawned because the fish were unable to migrate upstream to ideal and sustainable rearing habitat. SA Torres requested Officer Kroll to continue to assist him with completing the investigation into the apparent take of steelhead that were missing from the pool below the dam.

19. **Brugnara Interview.** On this same date, Officer Kroll interviewed BRUGNARA at his home in San Francisco, California. Portions from that interview are summarized here:

(a) Officer Kroll asked when BRUGNARA had last been at his Gilroy Property. BRUGNARA stated it was two or three weeks prior. Officer Kroll again asked if he had been to his property any time more recent than two or three weeks. BRUGNARA again stated he had not. Officer Kroll asked BRUGNARA if he had been at the fish ladder yesterday, Friday, March 23rd. BRUGNARA stated he, "didn't think so."

(b) Officer Kroll confronted BRUGNARA with evidence. BRUGNARA then admitted he had been at the fish ladder and had stopped for fast food in Morgan Hill, California, on his way. He said he went there to "walk around and look at wildlife".

(c) Officer Kroll asked whether BRUGNARA had done any fishing in the creek below the fish ladder. BRUGNARA stated that he did not and knew it was closed to fishing because of the steelhead. BRUGNARA stated that he was with a friend but they did not have fishing rods and were not attempting to catch the steelhead.

INDICTMENT                              6

(d) Upon further questioning, BRUGNARA admitted he and his friend had used a fishing rod with a "top water floating frog lure" attached in an attempt to "scare the steelhead up the fish ladder." BRUGNARA admitted that he did cast his hook and line into the water for about five minutes, but did not catch anything. BRUGNARA admitted that he had seen "dozens" of large steelhead swimming in the pool but had used this specific lure that was incapable of catching steelhead and that he had left his red fishing pole at the cabin at 4850 Redwood Retreat Road.

(e) BRUGNARA admitted that he and another individual had built the pushup dam on Little Arthur Creek approximately two weeks before (on March 14, 2007) downstream of the fish ladder to keep the fish from entering the pool leading to the fish ladder.

20. **April 2007.** On April 10, 2007, SA Torres and Fisheries Biologist Ambrose examined Brugnara Dam and noted that the dam's portal was still blocked, the flashboard barrier was not placed in the concrete channel as required for proper operation of the fish ladder, and steelhead were opportunistically spawning downstream of the dam. The adult steelhead could not migrate above the dam.

21. Defendant BRUGNARA and BRUGNARA CORPORATION's operation of the Brugnara Dam precluded all steelhead migration above the dam and exposed all steelhead adults below the dam to increased risk from natural predation and unauthorized harassment, wounding, death, harm and capture, causing the "take" of steelhead. These unauthorized and unpermitted activities included the following:

(1) closing off of the Brugnara Dam's portal;

(2) failing to install a flashboard barrier in the concrete channel of the dam;

(3) failing to maintain the fish ladder in an operable condition;

(4) building a pushup dam below Brugnara Dam;

(5) trapping fish in a pool with the pushup dam; and

(6) fishing for and attempting to capture Federally threatened steelhead.

The large majority of juveniles that successfully emerged from redds below the Brugnara Dam were likely lost due to eventual dewatering resulting from drought conditions in 2007.

COUNT ONE: (16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1)) – Endangered Species Act)

22. The allegations in paragraphs 1 through 21 are hereby realleged and incorporated by reference.

INDICTMENT                    7

23. On or about January 11, 2007, through on or about March 14, 2007, in the Northern District of California, the defendants,

**LUKE D. BRUGNARA,**
and
**BRUGNARA CORPORATION,**

did knowingly and unlawfully take and attempt to take a threatened species, that is the steelhead *(Oncorhynchus mykiss)*, by harming said species through significantly modifying its habitat, that is by (1) closing off the Brugnara Dam's portal; (2) failing to install a flashboard barrier in the concrete channel of the dam; (3) failing to maintain the fish ladder in an operable condition at the Gilroy Property; and (4) preventing the upstream migration of said species at the Gilroy Property, and thereby significantly impairing essential behavior patterns, including breeding, spawning, migrating and sheltering, all in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(a)(1)(G), and 1540(b)(1); and Title 50, Code of Federal Regulations, Section 223.203(a); and Title 18, United States Code, Section 2.

COUNT TWO:  (16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1)) – Endangered Species Act)

24. The allegations in paragraphs 1 through 21 are hereby realleged and incorporated by reference.

25. On or about March 14, 2007, through on or about March 22, 2007, in the Northern District of California, the defendants,

**LUKE D. BRUGNARA,**
and
**BRUGNARA CORPORATION,**

did knowingly and unlawfully take and attempt to take a threatened species, that is the steelhead *(Oncorhynchus mykiss)*, by harming said species through significantly modifying its habitat, that is by (1) closing off the Brugnara Dam's portal; (2) failing to install a flashboard barrier in the concrete channel of the dam; (3) failing to maintain the fish ladder in an operable condition; (4) building a pushup dam below Brugnara Dam; (5) trapping said species with a pushup dam; and (6) preventing the upstream migration of said species at the Gilroy Property, and thereby significantly impairing essential behavior patterns, including breeding, spawning, migrating and

INDICTMENT                                                8

1  sheltering, all in violation of the Endangered Species Act, Title 16, United States Code, Sections
2  1538(a)(1)(G), and 1540(b)(1); and Title 50, Code of Federal Regulations, Section 223.203(a);
3  and Title 18, United States Code, Section 2.
4
5  COUNT THREE: (16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1) – Endangered Species Act)
6      26. The allegations in paragraphs 1 through 21 are hereby realleged and incorporated by
7  reference.
8      27. On or about March 23, 2007, in the Northern District of California, the defendants,
9                     LUKE D. BRUGNARA,
                        and
10                  BRUGNARA CORPORATION,
11  did knowingly and unlawfully take and attempt to take a threatened species, that is the steelhead
12  (*Oncorhynchus mykiss*), by harassing, pursuing, trapping, capturing and collecting and
13  attempting to do so, and by harming said species through significantly modifying its habitat, that
14  is by (1) closing off the Brugnara Dam's portal; (2) failing to install a flashboard barrier in the
15  concrete channel of the dam; (3) failing to maintain the fish ladder in an operable condition; (4)
16  trapping fish with a pushup dam; (5) preventing the upstream migration of said species at the
17  Gilroy Property; and (6) fishing for and attempting to capture said species at the Gilroy Property,
18  and thereby significantly impairing essential behavior patterns, including breeding, spawning,
19  migrating and sheltering, all in violation of the Endangered Species Act, Title 16, United States
20  Code, Sections 1538(a)(1)(G), and 1540(b)(1); and Title 50, Code of Federal Regulations,
21  Section 223.203(a); and Title 18, United States Code, Section 2.
22
23  COUNT FOUR: (16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1) – Endangered Species Act)
24      28. The allegations in paragraphs 1 through 21 are hereby realleged and incorporated by
25  reference.
26      29. On or about April 10, 2007, in the Northern District of California, the defendants,
27                     LUKE D. BRUGNARA,
                        and
28                  BRUGNARA CORPORATION,

INDICTMENT                                 9

1  did knowingly and unlawfully take and attempt to take a threatened species, that is the steelhead
2  (*Oncorhynchus mykiss*), by harming said species through significantly modifying its habitat, that
3  is by (1) closing off the Brugnara Dam's portal; (2) failing to install a flashboard barrier in the
4  concrete channel of the dam; and (3) preventing the upstream migration of said species at the
5  Gilroy Property, and thereby significantly impairing essential behavior patterns, including
6  breeding, spawning, migrating and sheltering, all in violation of the Endangered Species Act,
7  Title 16, United States Code, Sections 1538(a)(1)(G), and 1540(b)(1); and Title 50, Code of
8  Federal Regulations, Section 223.203(a); and Title 18, United States Code, Section 2.

10 COUNT FIVE: (18 U.S.C. § 1001 – False Statement)
11     30. The allegations in paragraphs 1 through 21 are hereby realleged and incorporated by
12 reference.
13     31. On or about March 24, 2007, in the Northern District of California, the defendant,
14                          LUKE D. BRUGNARA,
15 did knowingly and willfully make and cause to be made a material false statement to California
16 Department of Fish & Game Officer Kroll, an agent of the National Oceanic and Atmospheric
17 Administration, for the purpose of influencing the action of agents involved in the criminal
18 investigation of the take of steelhead (*Oncorhynchus mykiss*), that is, defendant BRUGNARA
19 intentionally stated that he had not attempted to catch the fish (steelhead) that were at the Gilroy
20 Property on or about March 23, 2007, when in truth and fact defendant BRUGNARA knew at
21 that time he made this statement that he had attempted to catch the fish (steelhead) that were at
22 the Gilroy Property on March 23, 2007, all in violation of Title 18, United States Code, Section
23 1001.

25 COUNT SIX: (18 U.S.C. § 1001 – False Statement)
26     32. The allegations in paragraphs 1 through 21 are hereby realleged and incorporated by
27 reference.
28     33. On or about March 24, 2007, in the Northern District of California, the defendant,

INDICTMENT                            10

1  LUKE D. BRUGNARA,
2  did knowingly and willfully make and cause to be made a material false statement to California
3  Department of Fish & Game Officer Kroll, an agent of the National Oceanic and Atmospheric
4  Administration, for the purpose of influencing the action of agents involved in the criminal
5  investigation of the take of steelhead (*Oncorhynchus mykiss*), that is, defendant BRUGNARA
6  intentionally stated that he was fishing with a "top water floating frog lure" at the Gilroy
7  Property, on or about March 23, 2007, and that he could not have caught a steelhead with that
8  type of fishing gear, when in truth and fact defendant BRUGNARA knew at that time he made
9  this statement that he had not used a "top water floating frog lure" and had in fact used a different
10 fishing lure which was capable of catching steelhead, all in violation of Title 18, United States
11 Code, Section 1001.

13 DATED: April _9_, 2008                          A TRUE BILL,

                                                  _____
                                                  FOREPERSON

   _____
   DOUGLAS SPRAGUE
   Chief, Oakland Office

   (Approved as to form:) _____
                          AUSA BESSETTE

INDICTMENT                    11